## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  **Plaintiff,**  v.  **NIKKO D. PIKE,**  **Defendant.** | Case No. 17-20051-01-JAR |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Nikko D. Pike's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 87). Pike requests that his sentence be reduced to time served. Although he does not separately move the Court to appoint counsel to represent him in this matter, he makes this request in his motion. For the reasons explained below, the Court dismisses Pike's motion for lack of jurisdiction and denies his request for appointment of counsel.

**I.    Background**

On July 30, 2019, Pike pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] On December 9, 2019, the Court sentenced Pike to a 94-month term of imprisonment, three years of supervised release, and a $100 special assessment.[2]

Pike is incarcerated at USP Florence-High in Colorado. The Bureau of Prisons ("BOP") reports that 202 inmates have tested positive for COVID-19 out of 648 inmates tested at this

---

[1] Doc. 62.

[2] Doc. 82. Judgment was entered on December 11, 2019. *Id.*

facility.³  The BOP further reports that USP Florence-High has 115 active inmate cases, two active staff cases, and zero deaths attributed to COVID-19.⁴  Pike is 29 years old, and his projected release date is January 28, 2024.

On December 15, 2020, Pike filed a *pro se* motion requesting compassionate release based on his medical condition and his family circumstances.  Pike proposes a release plan that includes living with his sister, obtaining a General Education Development certificate, and either finding a job or applying for disability.  Pike does not show that this release plan has been approved by the United States Probation Office.

## II.     Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"⁵  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,⁶ a court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, that a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and that the applicable sentencing factors set forth in 18 U.S.C.

---

³ Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Feb. 16, 2021).  One test remains pending.  *Id.*

⁴ *Id.*

⁵ *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

⁶ Pub. L. No. 115-391, 132 Stat. 5194.

2

§ 3553(a) support a reduction.[7]  The Sentencing Commission has recognized four categories of "extraordinary and compelling reasons": the defendant's medical condition, the defendant's age, the defendant's family circumstances, and a catch-all, "other reasons."[8]

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[9] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."[10]  In other words, if the defendant cannot show that § 3582(c) authorizes relief, the Court must dismiss the motion for lack of jurisdiction.[11]

### III.  Discussion

#### A. Exhaustion

Pike claims that he submitted a request for compassionate release to the warden of his facility on October 28, 2020.  But he provides the Court with no evidence of the request, and the government contends that BOP records do not show Pike submitted any such request.  The Court need not resolve this uncertainty, however, because even assuming Pike requested compassionate release from the warden more than thirty days ago, his motion fails to set forth extraordinary and compelling reasons that warrant a reduction in his sentence.

---

[7] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020).

[8] U.S.S.G. § 1B1.13 cmt. n.1; *see United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021).

[9] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction). *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional").

[10] *United States v. Poutre*, ___ F. App'x ___, No. 20-8043, 2021 WL 271948, at *1 (10th Cir. Jan. 27, 2021).

[11] *Saldana*, 807 F. App'x at 820; *Poutre*, 2021 WL 271948, at *1.  *But see Read-Forbes*, 2021 WL 423160, at *2 n.1.

3

### B.        Extraordinary and Compelling Reasons

Pike presents two reasons that he contends are extraordinary and compelling such that they warrant a reduction of his sentence: his medical condition and his family circumstances. The Court addresses each in turn.

#### 1.        Medical Condition

Pike asserts that his asthma, for which he is prescribed an albuterol inhaler, constitutes an extraordinary and compelling reason for a sentence reduction.  In the wake of the COVID-19 pandemic, most courts have held that a defendant's underlying medical condition presents an extraordinary and compelling reason for release if it places the defendant at an increased risk of severe illness from COVID-19.[12]  According to the Centers for Disease Control and Prevention ("CDC"), "moderate-to-severe asthma" is a condition that "might" place an individual at an increased risk of severe illness from COVID-19.[13]  The CDC explains that the evidence on the relationship between asthma and severe illness from COVID-19 is "mixed," meaning that "multiple studies . . . reached different conclusions about risk associated with [the] condition."[14]

Here, Pike does not allege that his asthma is moderate or severe.  Nor does he provide the Court with medical documentation of his condition.  The Presentence Investigation Report, prepared on September 11, 2019, indicates that "[h]e reported he is in good physical health, aside from using an inhaler for asthma."[15]  Without any evidence indicating that Pike's asthma falls within the CDC's "moderate-to-severe" category, the Court cannot conclude that his asthma

---

[12] *See United States v. Pullen*, No. 98-40080-01-JAR, 2020 WL 4049899, at *4 (D. Kan. July 20, 2020) (quoting *United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020)).

[13] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021).

[14] CDC, *Scientific Evidence for Conditions That Increase Risk of Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last updated Nov. 2, 2020).

[15] Doc. 71 ¶ 72.

condition amounts to an extraordinary and compelling reason justifying a reduction of his sentence.[16]

The Court also notes that Pike states he contracted COVID-19 in November 2020, which is now three months ago. According to Pike, he "was spit[t]ing up blood" at the time but he received no medical attention.[17] Instead, "they just put [him] in a room" without soap or cleaning supplies, and his meals would arrive cold.[18] Pike also complains that he has not had a clean mask in five months. While the Court is sympathetic to his situation, Pike does not report that he continues to experience any symptoms or complications related to COVID-19. To the extent that Pike fears reinfection, that general fear alone is not sufficiently extraordinary or compelling to justify a sentence reduction.[19]

Accordingly, the Court finds that Pike has not met his burden of showing that his underlying medical condition, even in the context of the COVID-19 pandemic, constitutes an extraordinary and compelling reason to reduce his sentence.

### 2. Family Circumstances

Pike also requests compassionate release to provide care for his mother, who has asthma and a pacemaker. Pike states that he plans to take care of his mother and "be there for [her] when she need[s] for her doctor appointments or her other[] appointments or just to get

---

[16] *See United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *5 (D. Kan. Dec. 4, 2020) ("Mr. Harris does not establish that his asthma condition is moderate or severe. . . . Without such a showing, neither the CDC's guidance nor the cases that Mr. Harris cites support a conclusion that *his* asthma condition is the sort of medical condition qualifying as 'extraordinary and compelling' under § 3582(c)(1)(A)." (internal citation omitted)); *United States v. Livingston*, No. 17-10109-01-EFM, 2021 WL 259410, at *2 (D. Kan. Jan. 26, 2021) ("[T]here is no indication that [the defendant's asthma condition] is moderate or severe. . . . Thus, the Court concludes that [the] [d]efendant's condition of asthma does not constitute an underlying health condition that demonstrates an extraordinary and compelling reason warranting release.").

[17] Doc. 87-3.

[18] *Id.*

[19] *See United States v. Simpson*, No. 19-20026-JAR, 2021 WL 147986, at *2 (D. Kan. Jan. 15, 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

around."[20] Pike explains that he has siblings, but they have their own families to care for.

The applicable Sentencing Commission policy statement recognizes two family circumstances that may present extraordinary and compelling reasons for compassionate release: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[21] "The vast majority of courts examining a defendant's family circumstances for purposes of compassionate release have held that providing care to elderly parents, even ailing parents, simply does not fall within the reasons contemplated by the policy statement."[22] Some courts, however, have found that an extraordinary and compelling reason for release exists when a defendant is the only available caregiver for an incapacitated close family member, even if that family member is not a spouse or registered partner, because the relationship is akin to those contemplated by the policy statement.[23]

Even if the Court were to find that a defendant's role as the only available caregiver for an incapacitated close family member is an extraordinary and compelling reason for compassionate release, Pike fails to demonstrate that his family circumstances warrant a reduction in his sentence. First, Pike does not provide evidence that his mother is incapacitated;

---

[20] Doc. 87-3.

[21] U.S.S.G. § 1B1.13 cmt. n.1(C).

[22] *United States v. Hassen*, No. 07-20099-04-JWL, 2020 WL 6680387, at *3 (D. Kan. Nov. 12, 2020) (collecting cases); *see, e.g.*, *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

[23] *See, e.g.*, *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding "no reason to discount" a defendant's "unique role" as the only available caregiver for an incapacitated close family member—his mother— "simply because the incapacitated family member is a parent and not a spouse"); *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver.").

he merely states that she has asthma and a pacemaker.  Even if his mother is incapacitated, Pike does not show that he is her only available caregiver.[24]  The Presentence Investigation Report indicates that his three siblings all reside in Kansas City, Kansas, where his mother also lives. While the Court recognizes that Pike's siblings have their own families to care for, this does not establish that all three are incapable of caring for their mother or that there is no other reasonable option but for Pike to care for her.  Accordingly, Pike has failed to demonstrate extraordinary and compelling family circumstances that warrant a reduction in his sentence.

### C. Section 3553(a) Factors

Even if Pike met his burden of demonstrating that extraordinary and compelling circumstances exist, the Court would deny relief after considering the § 3553(a) sentencing factors.  Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence[s] and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

---

[24] *Bucci*, 409 F. Supp. 3d at 2; *United States v. Nevers*, No. CR 16-88, 2019 WL 7281929, at *6 (E.D. La. Dec. 27, 2019) ("Unlike *Bucci*, in this case, there is no indication [the defendant] is the only potential caregiver for her mother.").

7

(7) the need to provide restitution to any victims of the offense.[25]

Here, Pike has a significant criminal history involving violence. His criminal history began at age twelve and includes felony convictions for aggravated burglary, cruelty to animals, and attempted aggravated battery. The offense that brought Pike to federal court was being a felon in possession of a firearm.

The nature and circumstances of the offense are serious. This case arose from a domestic disturbance call. During an argument with his brother, Herschel, Pike pointed a gun—later determined to be stolen—at Herschel's girlfriend, K.S., and reportedly stated, "I'll kill this bitch."[26] The incident occurred at the apartment of Herschel and K.S., who have five-year-old twins. At one point, Pike picked up one of his nieces and said, "I'll kill her too."[27] After K.S. helped free her child from Pike, he threatened to kill her if she did that again. Pike then pointed the gun at the back of K.S.'s head. Moments later, K.S. heard a loud bang and saw "white," but she could not tell whether she had been shot or hit in the head.[28] She felt blood running down the back of her neck as she fled the apartment with her children. K.S. subsequently sought treatment in the emergency room at the University of Kansas Medical Center in Kansas City, Kansas. The doctor was unable to determine if the laceration to the back of her head was caused by a bullet or a blunt object blow.

When officers arrived at the apartment, they located Pike outside and observed the handle of a firearm protruding from his pocket. Pike barricaded himself inside the apartment before ultimately surrendering. Officers then found the firearm in a child's bedroom closet. Officers

---

[25] 18 U.S.C. § 3553(a).

[26] Doc. 71 ¶ 11.

[27] *Id.*

[28] *Id.*

also recovered a spent shell casing from the living room floor, which was subsequently linked through ballistic evidence to a 2016 shooting in a gas station parking lot.

When the Court sentenced Pike, it adhered to the statutory mandate that it impose a sentence that was "sufficient, but not greater than necessary."[29]  Pike received a significant but, in context, appropriate sentence of 94 months' imprisonment.  His projected release date is January 28, 2024, meaning approximately 35 months—or 37 percent—of his sentence remains.  Reducing Pike's sentence to time served would not reflect the seriousness of his offense.  Nor would it afford adequate deterrence, provide appropriate punishment, or protect the public from further crimes.  The Court finds that the sentence originally imposed remains sufficient, but not greater than necessary, to meet the § 3553(a) sentencing factors and punish the offense involved.

The Tenth Circuit requires the movant to show that § 3582(c) authorizes relief for the Court to have jurisdiction.  Pike has failed to make that showing here.  Accordingly, the Court must dismiss the motion for lack of jurisdiction.

**D.     Counsel**

Pike has also requested the appointment of counsel to assist with his motion.  Under the District of Kansas's Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[30]  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to

---

[29] 18 U.S.C. § 3553(a).

[30] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The FPD has notified the Court that it does not intend to enter an appearance in Pike's case.

There is no constitutional or statutory right to counsel in the prosecution of a post-conviction motion.[31] In determining whether to appoint counsel, the Court considers several factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[32] As explained above, Pike fails to present a colorable claim for compassionate release. Moreover, his motion is not legally or factually complex, and he has adequately presented his arguments for relief. Thus, the Court denies Pike's request to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Nikko D. Pike's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 87) is **dismissed without prejudice for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that Pike's request for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

Dated: February 18, 2021

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE

---

[31] *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ."); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").

[32] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).